Case 4:20-cv-01628   Document 5   Filed on 05/27/20 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
May 27, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RANDY MEIBURG, <br> TDCJ # 01918579, <br><br> Plaintiff, <br><br> VS. <br><br> WILLIAM SAVOIE, <br><br> Defendant. | § § § § § § § § § § § | <br><br><br><br><br> CIVIL ACTION NO. 4:20-1628 |

## ORDER OF DISMISSAL

Plaintiff Randy Meiburg, an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), has filed a complaint against his former counsel alleging breach of contract and promissory estoppel (Dkt. 1). Having reviewed the complaint and all matters of record, the Court concludes that this case must be dismissed for lack of subject matter jurisdiction for the reasons that follow.

A federal court has jurisdiction to determine its own jurisdiction. *See Trinity Marine Prod., Inc. v. U.S.*, 812 F.3d 481, 486 (5th Cir. 2016). This Court has the "'responsibility to consider the question of subject matter jurisdiction *sua sponte* if it is not raised by the parties and to dismiss any action if such jurisdiction is lacking.'" *Crutchfield v. Sewerage & Water Bd. of New Orleans*, 829 F.3d 370, 375 (5th Cir. 2016) (quoting *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985)). *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

"Federal courts are courts of limited jurisdiction." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017) (internal citation and quotation marks omitted). One basis for subject matter jurisdiction is "federal question" jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. A second basis for subject matter jurisdiction is diversity jurisdiction, which requires an amount in controversy exceeding $75,000.00, exclusive of interest and costs, and complete diversity of citizenship between the parties. *See* 28 U.S.C. § 1332; *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 & n.3 (5th Cir. 2001).

Meiburg is incarcerated in TDCJ at the Pack Unit in Navasota. He sues William Savoie, an attorney in Houston who represented Meiburg in federal habeas corpus proceedings filed in 2017. *See Meiburg v. Collier*, Civil Action No. 4:17-3356 (S. D. Tex). Meiburg alleges that Savoie failed to file a timely response to the respondent's summary judgment motion in the habeas proceedings, as he had promised Meiburg he would do, leading to dismissal of Meiburg's habeas claims without prejudice. *See id*. Dkt. 8 (dismissal order dated Feb. 26, 2018). The court record from the habeas action indicates that Meiburg filed a *pro se* motion for relief from judgment under Rule 60(b), which the court granted. *See id*. Dkt. 15 (reinstatement order dated Nov. 13, 2018). Meiburg then filed a *pro se* response to the respondent's summary judgment motion. *See id*. Dkt. 19. After considering his response, the court granted summary judgment for the respondent and dismissed Meiburg's habeas claims as time-barred. *See id.* Dkt. 20 (dismissal order dated Feb. 7, 2019). Meiburg appealed to the Fifth Circuit, which denied a certificate of appealability on October 25, 2019. *See id*. Dkt. 27.

In the case at bar, Meiburg brings claims against Savoie for breach of contract and promissory estoppel. He alleges that Savoie had contractual obligations to file a timely federal habeas petition and to provide a copy to Meiburg before filing, among others, but failed to meet his obligations. He seeks monetary damages, including damages for mental anguish and punitive damages.

This Court does not have federal question jurisdiction over Meiburg's complaint because his complaint alleges breach of contract and promissory estoppel, which do not arise under the U.S. Constitution or federal statute. There is no apparent federal question that can serve as the basis for jurisdiction in this court.

This Court also lacks diversity jurisdiction over Meiburg's claims. Meiburg states in his pleadings that both he and Savoie reside in Texas. Therefore, the pleadings do not adequately allege complete diversity between the parties. *See Howery*, 243 F.3d at 919-20.

Because no basis for federal jurisdiction appears on the face of Plaintiff's complaint, the Court **ORDERS** that the complaint (Dkt. 1) filed by Randy Meiburg is **DISMISSED** for lack of subject matter jurisdiction. All pending motions, if any, are **DENIED as moot**.

SIGNED at Houston, Texas, this 27th day of May, 2020.

                                                        GEORGE C. HANKS, JR.
                                                        UNITED STATES DISTRICT JUDGE